(Pleito No. 62.—Fallado el 10 de Julio de 1900.)

## Ex–Parte Marrero.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

PATRIA POTESTAD. Habiendo fallecido el padre, la madre tiene patria potestad sobre sus menores hijos y se le concede derecho de promover el juicio de testamentaría de un testador de quien sus hijos son herederos testamentarios.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez de Julio de mil novecientos, en los autos de prevención del juicio testamentario de Don Anselmo Amador y Hernández, promovidos ante el Tribunal del Distrito de San Juan por Doña María del Carmen Marrero Rodríguez, pendiente ante Nos en virtud de recurso de casación por infracción de ley interpuesto por la misma, habiendo llevado su repesentación y defensa el Letrado Don Rafael López Landrón.—Resultando: Que Don Anselmo Amador Hernández falleció en esta Capital el día cinco de Abril último bajo testamento que otorgó en la misma fecha, en el que, después de legar á su esposa Doña Sebastiana Rodríguez el tercio de todos sus bienes, y de mejorar en otro tercio y por iguales partes á sus hijos Don José, Don Pío y Don Francisco Amador Rodrí-

guez, instituye por herederos del remanente de dichos bienes por cuartas partes á sus tres hijos ya mencionados y á sus nietas Doña Sebastiana y Doña Manuela Amador Marrero, menores de edad, habidas por su otro hijo ya difunto Don Manuel Amador Rodríguez en legítimo matrimonio con Doña María del Carmen Marrero Rodríguez, habiéndoles nombrado de tutor, no obstante encontrarse bajo la patria potestad de su madre Doña Carmen Marrero, á Don José Amador Rodríguez y de protutor á Don José Palacios Echevarría, con prohibición de intervención judicial, en las operaciones de inventario, avalúo, división y adjudicación de bienes, que habrían de practicarse por los albaceas y contadores partidores nombrados.—Resultando: Que Doña María del Carmen Marrero Rodríguez, viuda del finado Don Manuel Amador Rodríguez, representada y dirigida por el Letrado Don Rafael López Landrón, acudió á la Corte de Distrito de San Juan en tres de Mayo último, solicitando por su propio derecho la prevención del juicio de testamentaría de Don Anselmo Amador Hernández, á cuyo fin alegó que siendo acreedora testamentaria de la masa de bienes relictos por Don Anselmo Amador en concepto de madre legítima de sus hijas Doña Sebastiana y Doña Manuela, con patria potestad sobre las mismas, y usufructuaria por tanto de los bienes adquiridos por ellas á título lucrativo, según el artículo 160 del Código Civil, podía por derecho propio, como parte legítima, promover el juicio voluntario de testamentaría del causante Don Anselmo Amador Hernández, con arreglo al número 4.° del artículo 1,037 de la Ley de Enjuiciamiento Civil; y como justificantes de ese derecho acompañó á su instancia copia del testamento de Don Anselmo Amador Hernández, de la inscripción de su defunción en el Registro Civil, de su partida de matrimonio con Don Manuel Amador Rodríguez, del acta de defunción de éste, ocurrida en dos de Abril del año próximo pasado, y de las actas de nacimiento de sus legítimas hijas Sebastiana y Manuela, de trece y doce años de edad respectivamente.—Resul-

tando: Que previa ratificación de Doña María del Carmen Marrero en la instancia de que se deja hecho mérito, el referido Tribunal por auto de siete de Mayo citado declaró no haber lugar á la prevención del juicio voluntario de testamentaría de Don Anselmo Amador Hernández, con las costas del expediente á la peticionaria Doña María del Carmen Marrero y Rodríguez, á la que se devolverían los documentos presentados, estableciendo como fundamento de esa denegatoria que si bien la Marrero Rodríguez tenía el usufructo del peculio adventicio de sus hijos no emancipados, ese derecho no le daba el carácter de acreedor legítimo á los fines del número 4º del artículo 1,037 de la Ley de Enjuiciamiento Civil, ni tampoco había presentado aquella título alguno que justificara cumplidamente su crédito.—Resultando: Que el Letrado de Doña María del Carmen Marrero presentó escrito el día siguiente, manifestando en lo principal del mismo que á nombre de su representada, como madre legítima con patria potestad sobre sus legítimas hijas Sebastiana y Manuela, por los propios fundamentos consignados en su primera instancia, suplicaba se proveyera según tenía solicitado; y por otrosí interesó se reformara el auto del siete de Mayo en sentido favorable á su petición, en virtud de lo preceptuado en el número 1º del artículo 1,037 de la Ley de Enjuiciamiento Civil, habiendo acordado el Tribunal del Distrito por auto del propio día ocho de Mayo que por los mismos fundamentos del anterior del día siete no había lugar á la reposición solicitada.—Resultando: Que contra ese auto de ocho de Mayo ha interpuesto Doña María del Carmen Marrero Rodríguez recurso de casación por infracción de ley, autorizado por los números 1º, 2º y 3º del artículo 1,690 de la Ley de Enjuiciamiento Civil, invocando como fundamentos del mismo el artículo 1,037 de dicha ley, según el cual los herederos testamentarios ó quienes lo representen serán parte legítima para promover el juicio de testamentaría, el artículo 159 del Código Civil que dispone que el padre ó en su defecto la madre, son

los administradores legales de los bienes de los hijos que estén
bajo su potestad, y la disposición legal que contiene el
artículo 160 del mismo Código, preceptivo de que los bienes
que el hijo no emancipado adquiera á título lucrativo perte-
necen al hijo en propiedad y en usufructo al padre ó á
la madre que lo tengan en su potestad y compañía.—
Visto: Siendo Ponente el Juez Asociado Don José C. Her-
nández.—Considerando: Que al resolver el Tribunal del
Distrito de San Juan en el auto recurrido de ocho de
Mayo que no había lugar á reponer el del día siete, por el
que declaró no haber lugar á la prevención del juicio
de testamentaría de Don Anselmo Amador Hernández,
reprodujo esa resolución; y por tanto, proveyendo como
proveía á un escrito en que la Marrero Rodríguez mani-
festaba que solicitaba dicha prevención como madre le-
gítima con patria potestad sobre sus hijas Sebastiana y
Manuela, é interesaba además la reforma del auto del
día siete en sentido favorable á su petición, es claro que ésta
le fué denegada, no sólo en el concepto de acreedora usufruc-
tuaria que primeramente había invocado, sino también en el
concepto de madre legítima que después invocó, y consi-
guientemente el auto de ocho de Mayo fué congruente
con la pretensión deducida por la Marrero Rodríguez en
los dos conceptos indicados, y resolutoria de la misma bajo
uno y otro aspecto, siendo en su virtud improcedente el
recurso en cuanto se funda en los números 2º y 3º del
artículo 1,690 de la Ley de Enjuiciamiento Civil.—Con-
siderando: Que al denegar el mencionado Tribunal á
Doña María del Carmen Marrero Rodríguez en el con-
cepto de madre legítima con patria potestad sobre sus
hijas Sebastiana y Manuela, carácter que invocó en su
escrito de siete de Mayo, el derecho de promover el
juicio de testamentaría de Don Anselmo Amador Her-
nández, infringió abiertamente el artículo 1,037 de la
Ley de Enjuiciamiento Civil, que concede tal derecho á
cualquiera de los herederos testamentarios, como lo son

respecto del difunto Amador Hernández, las menores Sebastiana y Manuela, y en representación de éstas su legítima madre la promovente Doña María del Carmen Marrero, que tiene patria potestad sobre las mismas y el derecho de representarlas en el ejercicio de todas las acciones que puedan redundar en su provecho, según los artículos 154 y 155 del Código Civil.—Considerando: Que aunque á Doña María del Carmen Marrero Rodríguez corresponda la administración y usufructo de los bienes de sus menores hijas Sebastiana y Manuela, según los artículos 159 y 160 del Código Civil, no puede por ello reputarse acreedora de la testamentaría de Don Anselmo Amador Hernández, y en su consecuencia comprendida en el número 4º del artículo 1,037 de la Ley de Enjuiciamiento Civil, para promover dicha testamentaría, pues no posee crédito contra la misma en el sentido legal de dicha palabra, no siendo por tanto atinentes al recurso los textos legales citados en cuanto por ello se trata de demostrar el derecho de la recurrente para promover como acreedora el juicio testamentario de Don Anselmo Amador Hernández.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación por infracción de ley, interpuesto por Doña María del Carmen Marrero Rodríguez, contra el auto del Tribunal de Distrito de San Juan de ocho de Mayo último, en cuanto éste le denegó la prevención del juicio de testamentaría de Don Anselmo Amador Hernández al solicitarla con el carácter de madre legítima con patria potestad sobre sus hijas Sebastiana y Manuela, declarándolo sin lugar por los demás motivos en que se funda; y en su consecuencia casamos y anulamos el auto recurrido en el sentido expuesto; y el referido Tribunal proceda á la prevención de dicho juicio en la forma ordenada por la Ley, á cuyo fin, con devolución de los autos, comuníquesele esta resolución,—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José. S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á diez de Julio de mil novecientos.—E. de J. López Gaztambide.